# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

STERLING JEWELERS, INC.
sometimes d/b/a Kay Jeweler's,
a Delaware Corporation,

    Defendant.

Civil Action File No. 15A562865

## CLASS ACTION COMPLAINT

1.    Plaintiff FREDERICK LUSTER ("LUSTER"), on behalf of himself and all others similarly situated, alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating non-emergency telephone calls using an automatic telephone dialing system to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff is a natural person who resides in DeKalb County, Georgia.

1

3. Sterling does business in DeKalb County and maintains its Kay Jewelers brand store locations in Tucker at Northlake Mall and Lithonia at Stonecrest Mall.

4. Jurisdiction and Venue are proper in DeKalb County.

5. Plaintiff is a subscriber for his cellular telephone services for telephone number (404) 379-1970.

6. Defendant STERLING JEWELERS, INC. is a Corporation organized under the laws of Delaware and has a principal place of business at 375 Ghent Road, Akron, OH, 44333-4601. [Hereinafter said Defendant is referred to as "STERLING"]

7. STERLING may be served by personal service on its registered agent in Georgia, to wit: CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

8. STERLING operates retail jewelry stores in this State and County, including stores under the name "Kay Jewelers".

9. STERLING is the issuer of the Kay Jewelers retail install credit agreement card which finances purchases of jewelry from Kay Jewelers locations.

10. When Kay Jewelers accounts go unpaid, STERLING makes telephone calls in an attempt to collect the accounts.

11. In the course of its business, STERLING made telephone calls to Plaintiff's cellular telephone number in this County to collect debt alleged owed by a person unknown to Plaintiff.

12. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

13. In the four year period preceding the filing of this action the Defendant has made telephone calls to Plaintiff's cellular telephone number, (404) 379-1970, in an attempt to collect debt(s) alleged to be owed by an individual identified in the calls as "Manuel Cabello", a person which is unknown and unrelated to Plaintiff.

14. In some of the telephone calls, Defendant used use an unattended voice message which used a script message with the identities of Kay Jewelers and Manuel Cabello inserted by a computer generated voice which was different from the voice used in the rest of the script.

15. The script message was recorded prior to the initiation of the calls to plaintiff.

3

16. Upon information and belief, the script message was used to make calls to thousands of telephone numbers, some of which were obtained from sources other than the alleged debtors, including for example, skip trace sources.

17. The script message was prerecorded within the meaning of the TCPA.

18. The telephone calls were made using a software which, when combined with telephony hardware, has the ability to dial from a list of stored telephone numbers without human intervention.

19. Use of an unattended, prerecorded message, in itself, represents a violation of the TCPA. Moreover, the ability to dial without human intervention is evidenced by the use of telephone recordings without a live human on the telephone. It would be illogical and implausible that Defendant would have persons hand-dialing phone numbers only to play an unattended message thereafter.

20. Defendant used software which has the capacity to predictively dial in its telephone calls to telephone number (404) 379-1970.

21. The call center and dialing infrastructure used had the capacity to store a database of telephone numbers.

22. The call center and dialing infrastructure used to make these calls had the capacity to dial telephone numbers from a stored list either at random or in some sequence.

23. Defendant's dialing system had the capacity to dial from a list of telephone numbers without human intervention. The system was used in this manner to make all or some of the calls to plaintiff and the class.

24. The telephone calls to Plaintiff were initiated by Defendant using an automatic telephone dialing system.

25. Plaintiff never provided permission or consent for Defendant to make the telephone calls to his cellular telephone number.

26. Plaintiff has maintained this cellular telephone number for well in excess of a decade.

27. Defendant's policies, practices, or procedures permitted the calling of cellular telephone numbers using equipment and messages as described herein, to phone numbers that had not been provided to them by debtors, with respect to credit transactions. Defendant knew about the TCPA before making the calls to plaintiff and the class, but made these autodialed calls to cellular phones in spite of such knowledge.

28. The telephone calls were annoying to plaintiff, invaded plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

29. The telephone calls were intentionally, willfully and knowingly initiated.

30. The telephone calls were not initiated by accident or mistake.

31. The calls that are the subject of this case were not made as the result of a reassigned telephone phone number.

## CLASS ACTION ALLEGATIONS

32. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of STERLING to (ii) such person's cellular telephone number (iii) using the same or similar telephone system(s) Defendant, or any person on its behalf, used to call (404) 379-1970 (iv) in the four year period preceding the filing of this action, through the date of class certification; (v) excluded from the class are those persons who provided his or her cellular telephone number to any Defendant as to the debt that was being collected or was a party to the contract that created the debt that was being collected.

33. Plaintiff alleges a subclass of persons for which an unattended or prerecorded message was played during such call(s).

34. The exact size of the class is information within the exclusive knowledge of the Defendant.

35. The class is so numerous that joinder of all members is impractical. Upon information and belief, the number of persons who fit within the class definition above exceeds one thousand persons.

36. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff himself received a pre-recorded call to his cellular telephone from Defendant indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers to call numerous persons in a short amount of time; and 3) the sheer size and national scope of Defendant's collection campaigns for their jewelry businesses.

37. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether the dialing system(s) used to call plaintiff and the class constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

    b. Whether the unattended messages used during such calls were "prerecorded" within the meaning of the TCPA and/or the FCC's rules; and

    c. Whether the violations were knowing or willful.

38. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

39. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA robocall actions and class actions.

40. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

41. Certification of the class under O.C.G.A. § 9-11-23(b)(3) is appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their

cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

42. Plaintiff requests certification of a class pursuant to O.C.G.A. § 9-11-23(b)(3) for monetary damages.

## CAUSES OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

43. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

44. Defendant's violations of the TCPA include, but are not limited to, the following:

> Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone

number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

45. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of actual damages or $500.00, whichever is greater, for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

46. Defendant's violations were committed willfully and knowingly.

47. Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

## JURY TRIAL DEMAND

48. Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

49. Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or

symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party (e.g. a vendor such as Livevox) that has possession, custody or control of any such materials, plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

    A.    Certification of this matter to proceed as a class action;

    B.    Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

    C.    Treble damages pursuant to 47 U.S.C. § 227(b)(3);

    D.    Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

    E.    Costs of this Action; and

    F.    Such further and additional relief as the court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by: _____
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax