IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK LUSTER, on behalf of
himself and all others similarly
situated,

               Plaintiff,

v.

STERLING JEWELERS, a
Delaware Corporation doing
business as Kay Jewelers,

               Defendant.

1:15-cv-2854-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Sterling Jewelers' ("Defendant") Motion to Stay [15] and Plaintiff Frederick Luster's ("Plaintiff") Motion to Remand [16].

**I.  BACKGROUND**

On July 8, 2015, Plaintiff filed this putative class action against Defendant in the State Court of DeKalb County for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Plaintiff seeks statutory damages under the TCPA for telephone calls he allegedly received from Defendant over a four-year period, beginning July 8, 2011.  He seeks to represent a

nationwide class of individuals who received telephone calls.  Defendant timely removed to federal court.

On April 27, 2015, the Supreme Court of the United States granted certiorari in <u>Robins v. Spokeo, Inc.</u> ("<u>Spokeo</u>") to resolve a circuit split regarding "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."  742 F.3d 409 (9th Cir. 2014), <u>cert. granted</u>, 135 S. Ct. 1892 (U.S. Apr. 27, 2015); Pet. for Writ of Cert., at i, <u>Spokeo, Inc. v. Robins</u>, No. 13-1339, 2014 WL 1802228 (U.S. May 1, 2014).  The Supreme Court heard oral argument on November 2, 2015.

On May 18, 2015, the Supreme Court granted certiorari in a TCPA case, <u>Campbell-Ewald Co. v. Gomez</u> ("<u>Campbell-Ewald</u>"), to address whether a case becomes moot when the plaintiff receives an offer of complete relief on his claim. <u>Campbell-Ewald</u>, 768 F.3d 871, 875 (9th Cir. 2014), <u>cert. granted</u>, 135 S. Ct. 2311 (U.S. May 18, 2015); Pet. for Writ of Cert., at i, <u>Campbell-Ewald Co. v. Gomez</u>, No. 14-857, 2015 WL 241891 (U.S. Jan. 16, 2015).  The Supreme Court heard oral argument on October 14, 2015.

On November 6, 2015, Defendant filed his Motion to Stay, arguing that a stay is warranted given the potentially dispositive Supreme Court cases that are expected to be issued in the coming months.  Exhibit B to Defendant's Motion to Stay is an offer of judgment pursuant to Fed. R. Civ. P. 68, which Defendant contends "fully satisfies [Plaintiff's] individual claims."  (Mot. to Stay at 2).  Plaintiff opposes a stay, and has filed his Motion to Remand.  In it, Plaintiff argues that Defendant's Motion to Stay asserts doubts as to Plaintiff's standing to invoke Article III jurisdiction, and therefore the Court lacks federal subject matter jurisdiction over this action.  Plaintiff argues that it is error for the Court to address the merits or any other issue before it determines it has subject matter jurisdiction over this action.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   *Subject Matter Jurisdiction*

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  A federal district court must not adjudicate a case over which it does not have subject matter jurisdiction. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005).  Because

a federal court is powerless to act beyond its subject matter jurisdiction, the court must "zealously insure that jurisdiction exists over a case." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2002).

Pursuant to 28 U.S.C. § 1441(a), a civil action originally filed in a state court may be removed to a federal district court if the district court has original subject matter jurisdiction over the case. The burden is on the party seeking removal to establish federal subject matter jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

    2.    *Motion to Stay*

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Thus, a district court may "stay a case pending the resolution of related proceedings in another forum." Oretega, 221 F.3d at 1264. The stay, however, may not be "immoderate," which requires inquiry into "the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." Id. Where "a federal appellate decision . . . is likely to have a

4

substantial or controlling effect on the claims and issues," a stay may be warranted. Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009).

    B.    Analysis

        1.    *Subject Matter Jurisdiction*

Plaintiff argues that the Court lacks subject matter jurisdiction. Plaintiff argues that Defendant, the party with the burden of proving subject matter jurisdiction, "has itself cast doubts as to *this* court's jurisdiction." (Mot. to Remand at 4). Plaintiff concludes that these doubts about jurisdiction should be resolved in favor of remand to state court. (Id. at 5). The Court disagrees. The proper inquiry is whether the Court had jurisdiction *at the time of removal*. Poore v. Am.-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000) (the court "must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal . . . do not oust the district court's jurisdiction") overruled in part on other grounds by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640-41 (11th Cir. 2007); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.").

5

The removal documents expressly state that Plaintiff brought this action under the TCPA.  (See Notice of Removal [1] ¶¶ 1-3, Ex. A [1.1] ¶ 1).  In Mims v. Arrow Fin. Servs., Inc., ––– U.S. –––, –––, 132 S. Ct. 740, 747-48 (2012), the Supreme Court held that federal courts have subject matter jurisdiction over actions brought under the TCPA.[1]  Thus, the Court had jurisdiction over this action at the time of removal, and therefore continues to have jurisdiction over this action.  See Poore, 218 F.3d at 1290.  Plaintiff's Motion to Remand is denied.

   2.   *Motion to Stay*

Because it appears that the Supreme Court's decisions in Spokeo and Campbell-Ewald may be dispositive of this case, a stay of proceedings is warranted.  In granting a stay under similar circumstances, the Middle District of Florida explained that, because Spokeo is likely to be dispositive, "[t]here is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and motions practice."  Tel. Science

---

[1]   Likewise, in Palm Beach Golf Ctr.-Boca, Inc. v. Sarris, 781 F.3d 1245 (11th Cir. 2015), the Eleventh Circuit determined that a business suffered a concrete injury sufficient for Article III standing when it received an unsolicited fax advertisement in violation of the TCPA.  See also Boise v. ACE USA, Inc., No. 15-Civ-21264, 2015 WL 4077433, at *3 (S.D. Fla. July 6, 2015) (applying Sarris and holding the court had jurisdiction over plaintiff's unsolicited phone call claims under the TCPA).

Corp. v. Hilton Grand Vacations Co., LLC, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *3 (Nov. 20, 2015).  The court added that "there is no indication that [Plaintiff] will suffer any prejudice for which a legal remedy would not suffice."  Id.  The Court finds that the same factors weigh in favor of a stay in this case.  A stay also is warranted (i) to avoid unnecessary expenditures of time and resources, (ii) because a decision on both Supreme Court cases is expected in the next few months, and (iii) because there is a public interest in judicial economy and efficiency.  See Lopez v. Miami-Dade Cty, ⎯⎯ F. Supp. 3d ⎯⎯, ⎯⎯, 2015 WL 7202905, at *1 (S.D. Fla. Nov. 6, 2015) (granting a stay pending a decision in Spokeo); Boise v. ACE USA, Inc., No. 15-Civ-21264, 2015 WL 4077433, at *3 (S.D. Fla. July 6, 2015) (granting a stay pending decisions in Campbell-Ewald and Spokeo).[2]

---

[2]   Other courts have recently addressed this issue, and the majority have found a stay to be warranted pending the resolution of Campbell-Ewald and Spokeo.  See, e.g., Schartel v. OneSource Tech., LLC, Case No. 1:15 CV 1434, 2015 WL 7430056, at *2 (N.D. Oh. Nov. 17, 2015); Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp., No. CV 15-04767-AB, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015); Duchene v. Westlake Servs., LLC, No. 2:13-CV-01577, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015); Yaakov v. Varitronics, LLC, No. 14-5008, 2015 WL 5092501, at *4 (D. Minn. Aug. 28, 2015); but see Coniglio v. Iqual Corp., No. 8:15-cv-2406-T-33AEP, 2015 WL 8521288, at *1 (M.D. Fla. Dec. 3, 2015) (declining to grant stay); Speer v. Whole Food Mkt. Grp., Inc., No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (same).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Sterling Jewelers' Motion to Stay [15] is **GRANTED**.  This action is **STAYED** pending the United States Supreme Court's decisions in Robins v. Spokeo, Inc. and Campbell-Ewald Co. v. Gomez.  Within twenty-one (21) after the Supreme Court decides Robins v. Spokeo, Inc. and Campbell-Ewald Co. v. Gomez, the parties shall confer and advise the Court how the decisions impact the further processing of this case.

**IT IS FURTHER ORDERED** that Plaintiff Frederick Luster's Motion to Remand [16] is **DENIED**.

**SO ORDERED** this 17th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE